

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

July 24, 1974

The Honorable Raymond W. Vowell,
Commissioner
State Dept. of Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 353

Re: The Responsibility of the
Department of Public Welfare
under Title 2 of the Family
Code.

Dear Mr. Vowell:

You have asked our opinion on 23 separate questions involving your Department's responsibilities under Title 2 of the Family Code. Your first question is:

> Does the general rule and regulatory authority
> contained in Article 695c, V. T. C. S., authorize
> the State Department of Public Welfare to make
> rules and regulations to carry out its responsi-
> bilities as set out in Title 2 of the Family Code?

We have carefully studied Article 695c, V. T. C. S., and although it discusses rule-making authority, its references are to detailed and specific rather than general powers. In fact we found 29 separate references to rules and regulations in that Article. See Article 695c, §§ 3(2), 3(3), 4(10), 6A(a), 6A(b), 6A(d), 7A, 8(a)2(e)(2), 8(a)3, 8(a)7(b), 8(a)9, 8(a)9a(a), 14, 16, 16B(1), 16B(4), 17A(2), 18, 18A(1), 18A(2), 19, 29, 33(2), 38(2) and 41, . . V. T. C. S.

Although we have no specific rules and regulations before us, we are confident that Article 695c's numerous grants of the rule making authority will provide a basis for many types of rules to govern the

Department's administration of its varied responsibilities under Title 2 of the Family Code.

Furthermore, the Department does have general rule making authority under another statute.  Article 6252-13 § 2, V. T. C. S. provides in part:

> Sec 2. In addition to the rule-making requirements imposed or authorized by law:
>
> (a) Each agency shall adopt rules concerning the formal and informal procedures, including rules of practice before the agency.  Such rules may include forms and instructions so far as deemed practical.

Without having specific rules to consider we cannot say categorically that all rules or regulations would be authorized; however, we believe the power granted the Department in Arts. 695c and 6252-13 would be sufficient to sustain many if not all the rules you might wish to issue in regard to your responsibilities under Title 2.

In connection with your second question you indicate that the Department has relied on Article 46a, V. T. C. S. for procedures to be followed under Article 46b-2, V. T. C. S.  Article 46a was the general adoption statute and was repealed when the Family Code was adopted.  (Acts 1973, 63rd Leg., ch. 543, Sec. 3, p. 1458).  Its provisions are now found in Chapter 16 of the Family Code.  Article 46b-2 concerns adoption of hard-to-place children, and it has not been repealed.  You state that the repeal of Article 46a coupled with the failure to incorporate Article 46b-2 in the Code results in numerous "gaps" in the latter statute.  You ask:

> Do these gaps have the effect of rendering Article 46b-2 invalid?  If not, then will the procedure prescribed in Chapter 16 of the Code be applicable, or will Article 46b-2, of necessity, be interpreted without any correlation to the present Article 46a or to the Code?

We have discovered no "gaps" in Article 46b-2.   Any adoption is governed by the requirements of Chapter 16 of the Family Code, except as modified by Article 46b-2.   We attach no consequence to the fact that these two statutes now appear in different locations in compilations of the laws of this State.   If the Department determines that additional regulations are desirable, it may adopt them under Article 46b-2, § 3 which provides in part that "[t]he department shall adopt regulations necessary to carry out the provisions of this Act. "

Your remaining questions are grouped under the heading "Central Record File. "   Section 11.17 of the Family Code requires that the Department maintain a central record file on  all suits affecting the parent-child relationship.   The definitions section of Chapter 11 of the Code provides at Section 11.01 (5) that :

> 'Suit affecting the parent-child relationship' means a suit brought under this subtitle in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is sought.

You indicate that the Department has determined that the following types of suits affect the parent-child relationship:

a. Adoptions (Ch. 16, Family Code)

b. Termination of parental rights (Ch. 15, Family Code)

c. Divorce, annulment, or suit to declare a marriage void where children are involved. (§ 3.55, Family Code)

d. Cases of separation involving the custody and support of children (Art. 4639b, V. T. C. S.)

e. Voluntary legitimation (Ch. 13, Family Code)

f. Conservatorship (Ch. 14, Family Code)

g. Removal of disabilities of minority (Ch. 31, Family Code)

h. Habeas Corpus (Section 14.10, Family Code)

i. Uniform Reciprocal Enforcement of Support Act (Ch. 21, Family Code)

j. Change of name of minor, if the petition alleged that the minor was subject to the continuing jurisdiction of a court under Subtitle A - Title 2, Family Code (Ch. 32, Family Code).

You ask:

> Is the department required to maintain the Central Record File on <u>all</u> the types of suits listed above? Are there any other types of suits on which the department is required to maintain a record in the Central Record File?

By definition, a suit affecting the parent-child relationship is one which, <u>inter alia,</u> is brought under Subtitle A of Title 2 of the Family Code. That Subtitle encompasses Chapters 11 through 17. Of the types of cases you mention, removal of disabilities cases, (Ch. 31), Uniform Reciprocal Enforcement of Support Act cases (Ch. 21), and change of name suits (Ch. 32) do not arise under Subtitle A, and therefore are not suits affecting the parent-child relationship under the definition of Section 11.01 (5). Separation cases (Art. 4639b) are discussed in response to your twenty-first question. Cases involving divorce, annulment or a declaration that a marriage is void arise under Section 3.55 of the Family Code, but where children are involved, that section generally requires that the suit for divorce "include a suit affecting the parent-child relationship under

Subtitle A, Title 2 of[the Family C]ode." It is our conclusion that under §11.17 the Department is required to keep records of the types of cases you listed except for removal of disabilities cases, Uniform Reciprocal Enforcement of Support Act cases, and change of name suits. In addition to these types of suits you listed, the Department may be required to keep records of suits for protection of children in emergencies depending on the nature of the particular case. These suits arise under Chapter 17.

Your fourth question states:

> Section 11.17(a) of Title 2 of the Family Code provides that the clerk of each court having jurisdiction of suits affecting the parent-child relationship must transmit specified information to the State Department of Public Welfare. This provision seems to give the district clerk discretionary power in transmitting information, allowing him to transmit information that in his opinion affects the parent-child relationship. Does this uncertainty, if it is an uncertainty, render this portion of Title 2 unconstitutional or invalid?

We percieve no uncertainty in the statutory requirement. The clerk is not required to determine whether a case has an effect on the parent-child relationship. Rather his responsibility is to determine whether a case is included in the statutory definition of the term contained in Section 11.01(5).

Your fifth question is:

> Should court proceedings in habeas corpus actions (§13.10) be reported to the Central Record File? If so, then is the department's obligation fulfilled when it receives and makes a record of such proceeding, or do all of the other provisions relating to the Central Record File apply to this type of proceeding?

These proceedings are to be reported as indicated in our answer to your third question. We see nothing to indicate other than that all the requirements of Section 11.17 apply to the Department's recordation of this information except for the requirements of Subsection (b) which apply to adoption decrees.

Your sixth question states:

> The information the clerk is required to send to the department, the content of the record maintained by the department, and the information to be supplied, upon request, by the department from its records are slightly different in each type of case involving the parent-child relationship. Is the department authorized to require from the clerk additional information other than that required by statute? Such information might be necessary for identification purposes. May the department require a submittal in a prescribed form? If your answer is affirmative, may the department assess a greater fee where the prescribed form is not used?

The statutory scheme is designed so that the court clerk is required to submit enumerated data to the Department which the Department is required to file. The Department may request that the clerk supply additional information, and generally the clerk will not be legally precluded from complying with the request, but the limits of the clerk's duties are prescribed by the statute.

We assume the submittal to which you refer is a submittal of a request for information by a court or an attorney rather than a submittal of information by the clerk, since the fee authorized in Section 11.17 is to be collected for supplying rather than filing information. For the reasons discussed in our answer to your first question we believe the

Department may require that prescribed forms be used, and if the cost of supplying information is higher when the prescribed form is not used a higher fee may be charged to reflect the higher cost.

Your seventh question asks:

> May the department assume that . . . records [on adoptions] will be maintained on the same basis that the Central Record File is maintained on other types of suits involving the parent-child relationship under the authority of Chapter 11, Section 11.17(a)? In the absence of a directive in the Code, does the department have the authority to establish and maintain a record file on adoptions for retrieval purposes?

Adoption records are subject to different guidelines than records of other suits affecting the parent-child relationship, Sec. 11.17(b), Family Code. For example, inquiries by attorneys or courts under Subsection (c) as to whether a child had been the subject of a suit involving the parent-child relationship are required to be answered in the negative if an adoption is the most recent suit of that type on file.

We believe the Department has authority to make a retrieval file or index of adoption cases. Maintenance of records is generally meaningless unless there is a means of locating and recovering specific information. Furthermore, the statute contemplates in Subsection (d) that some information may be required to be revealed under court order, and without a means of recovery compliance with the order might be impossible. Of course, the Department may not use any index or retrieval file in a way that compromises the confidentiality statutorily accorded adoption records.

Your eighth question asks:

> Should . . . adoptions [of hard-to-place children] be reported to the Central Record File in the same manner as other adoption cases are reported? If

> so, and the district clerks do not send the
> information on adoptions consummated under
> Article 46b-2 to the Central Record File, what
> is the responsibility of the department?

Article 46b-2 is not a vehicle for the consumation of adoptions. It provides for the dissemination of information on programs for adoption of "hard-to-place children" and for financial assistance to adoptive parents. With the exception of waiver of certain fees, adoptions of hard-to-place children are handled under the normal adoption statute. Since it is our opinion that the premise on which you base this question is mistaken, we find it unnecessary to answer it.

Your ninth  question states:

> Section 11.17 provides for distribution of information
> from the Central Record File as follows:

>> The records required to be maintained by
>> the department are confidential, and no
>> person is entitled to access to or informa-
>> tion from these records except as provided
>> by this section or an order of a district court
>> of Travis County for good cause.

> According to Chapter 11, Section 11.07, the department
> may, on the written request of an attorney or a court,
> identify the court which last had continuing jurisdiction
> and the docket number of a suit.

> Is the department correct in interpreting the above
> provisions to mean that all records in its Central
> File are confidential?

> Must the department refuse to furnish information if
> the request is from any source other than an attorney
> or a court?

As provided by statute the information maintained in the Central Record File is confidential except to the extent that disclosure is provided for in Section 11.17. Those exceptions are revelation on an order of a district court in Travis County and furnishing of the information required to be disclosed on the request of a court or an attorney. In the absence of a court order the Department is required to decline to furnish the information to anyone other than an attorney or court.

Your tenth question is:

> Will the provisions of the Code prevail over any other law relating to records which may be in conflict, including any provisions of [the Open Records Act, Article 6252-17a, V. T. C. S.], which may be in conflict? May members of the legislature be denied access to the Central Files under the confidentiality requirement, since they are not authorized access in the Code, even though [the Open Records Act] makes confidential information available to them?

Your question is extremely broad, and in the absence of specific cases or examples we cannot answer as to the effect of every potentially conflicting statute under all circumstances. Therefore, we limit our discussion to the specific case you present, to wit: the effect of the Open Records Act on the right of a legislator to examine the material in question.

Section 3 (a) of the Open Records Act provides in part:

> Sec. 3 (a) All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body, with the following exceptions only:
>
> (1) information deemed confidential by law, either

Constitutional, statutory, or by judicial decision;

As information in the Central Record File is deemed confidential by statute it is excepted from disclosure under Section 3 of the Open Records Act. However, Section 3 (b) of the Open Records Act provides in part:

> (b) . . . . This section is not authority to withhold information from individual members or committees of the legislature to use for legislative purposes.

Section 14 (b) of the Act provides:

> (c) This Act does not give authority to withhold information from individual members or committees of the Legislature of the State of Texas to use for legislative purposes.

While these two provisions clearly indicate that the Open Records Act does not give an agency authority to withhold information from a legislator, it does not speak to situations involving information withheld under other statutes. Whether a legislator would have a right to this information without regard to the Open Records Act would depend on the facts of the particular case and the statutory authority on which the legislator relies. It is our opinion that a legislator, in the absence of a court order, cannot require disclosure of information declared confidential by Section 11.17. Whether he can require disclosure under another statute or in another capacity will depend on the facts of the case.

Your eleventh question is:

> Chapter 11, Section 11.17(b) states that an adoption decree ends the court's continuing jurisdiction over a child and any subsequent suit must be commenced as though the child had not been the subject of a suit

for adoption.

> Is the department correct in assuming that no
> information regarding the adoption proceeding
> may be released, and that requests for informa-
> tion must be answered as follows:  "The child
> has not been the subject of a suit affecting the
> parent-child relationship? "

No information on the adoption proceedings may be released in
the absence of an order from a district court in Travis County, and a
reply of the type you suggest is required by the statute when a request
is made involving a child who has been adopted.

Your twelfth question is:

> The Department of Public Welfare has records
> pertaining to children covering a long period of
> time prior to the enactment of Title 2.
>
> In answering inquiries about one of these children,
> should the department ignore the fact that it has
> in its files information concerning the child which
> was recorded prior to January 1, 1974, and reply
> that "the child has not been the subject of a suit
> affecting the parent-child relationship? "  May the
> department instead use the wording "the department
> has no record of a suit having been filed subsequent
> to January 1, 1974, involving such a child. "  In other
> words, is the department limited to the actual wording
> in the Code, or may it formulate answers that will be
> more appropriate for the circumstances?

We find nothing in the Code to suggest that the Department is
required to use the exact language of the Code in responding to requests

for information.   Specifically, we believe the Department may limit its response by indicating that it applies only to cases subsequent to the effective date of the Act.

Your thirteenth question is:

> If any instrument is filed in the court after the
> effective date of the act which brings a suit that
> was pending on the effective date of the act
> within the scope of the Family Code, does the
> department combine the information it has on
> hand which predates the Family Code with the
> new information, making it all one suit?  If so,
> do the other provisions of the Code relating to
> confidentiality and procedures for obtaining
> information from the department refer to the
> information the department had prior to January
> 1, 1974, as well as to the information obtained
> subsequently?

Section 4 of Acts 1973, 63rd Legis.,ch. 543, p. 1459, the Act enacting Title 2 of the Family Code,provides:

> Sec 4.  (a)  This Act takes effect on January 1,
> 1974, and governs all proceedings, orders, judgments,
> and decrees in suits and actions brough after it takes
> effect, and also all further proceedings in actions
> then pending, except to the extent that in the opinion
> of the court its application in an action pending when
> this Act takes effect would not be feasible or would
> work injustice.  All things properly done under any
> previously existing rule or statute prior to the taking
> effect of this Act shall be treated as valid.

> (b)  Any action or suit commenced after January 1,
> 1974, that has as its object the modification of an order,

judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction.

The data required to be furnished to the Department for the Central Record File are a copy of the court's decree, the name and all prior names of the child, the child's birthdate and the child's birthplace.. The information the Department is required to furnish to attorneys and courts is the name of the court last having jurisdiction of the child in a suit involving the parent-child relationship and the docket number of the suit. The purpose of maintaining this file and informing attorneys and courts of prior suits involving a child is to ease the administration of the Code's provision that, except in cases of adoption, once a court acquires jurisdiction of a suit affecting the parent-child relationship it retains exclusive, continuing jurisdiction over similar suits involving that child. Considering the language and purpose of the statute, we see no requirement that the Department include information attributable to pre-January 1, 1974, cases in its Central Record File. Neither do we see any prohibition of an integration of this information, although it would generally, if not always, be irrelevant to the request of an attorney or court under Section 11.17 of the Act. Whether the information would be confidential would depend on the facts of the case.

Your fourteenth question states:

> Chapter 11, Section 11.05(c) provides that "a court shall have jurisdiction . . . if it has been informed by the Department of Public Welfare [that the child has not been the subject of a suit affecting the parent-child relationship and the petition states that no court has continuing jurisdiction over the child]." This statement implies that the department may report only to the court.

Is it mandatory that the department report to the
court or may the department exercise discretion
as to whether it will report to the court or the
attorney?

The above provision also implies that the court
has jurisdiction if it has been informed by the
department that no other court has jurisdiction,
even if the department's answer may be erroneous.
Would the judgment or decree based on faulty informa-
tion concerning jurisdiction render the decree invalid?

The statutory scheme contemplates that the Department communicate
information on prior suits to attorneys as well as to courts. Attorneys are
permitted to request the information, Section 11.17(c), and the statute pre-
sumes that they will attach the information given them by the Department
to the petition. Section 11.17 (b).

If a court acquires jurisdiction over a case under Section 11.05(c)
because of erroneous information supplied by the Department, it is
contemplated that that court will retain jurisdiction and enter a valid
order since Section 11.06(d) provides:

(d) If a court has continuing jurisdiction over a
child but another court has acquired jurisdiction over
the child in a suit affecting the parent-child relation-
ship under Section 11.05(c) of this code, the court
previously having jurisdiction over the child, on a
motion of any party or on the court's motion, shall
transfer the proceeding to the court which has acquired
jurisdiction under Section 11.05(c) of this code.

Your fifteenth question states:

In many cases involving children, the State Depart-
ment of Public Welfare will be initiating suits involving
the parent-child relationship. It will be necessary in

these cases to have a statement attached to the
petition, either showing the court which last had
jurisdiction or stating that the child has not been
the subject of a suit affecting the parent-child
relationship.

May the department interpret the Code as being
sufficiently flexible for the department to make
reasonable rules and regulations concerning the
use of the records necessary for the direct
administration of its programs?

The Department is permitted to make reasonable rules and regula-
tions concerning the custody and use of its records. Article 695c § 33(2).
We believe that use of the files for the purpose of the Department's directly
bringing suits affecting the parent-child relationship would be reasonable.
Furthermore a suit of the type you describe would be filed by an attorney
for the Department who would be entitled to the information under Section
11.17(c).

Your sixteenth question states:

There is no provision in the Code for <u>ever</u> removing
a case from the Central Record File. If the child
appears on the Central Record File because of a suit
to terminate the parent-child relationship and is
subsequently adopted, then the child is no longer
subject to the continuing jurisdiction of the court
and the department cannot give information about
the adoption.

Is the department responsible for correlating the
adoption case with the previous case terminating
parental rights, if any, and closing the previous
case as well as the adoption case?

> If a case is reported when the child is under 18 and
> he reaches 18 terminating the jurisdiction of the court,
> is the department responsible for closing that case?
> Is the closing of a case and the removal of the record
> from the Central Record File dependent upon receiving
> information from the clerk to close the case?  Is the
> department required to continue cases received and
> made a part of the Central Record File indefinitely
> since no provision is made for removing them, except
> in adoptions?

The Department will be required to correlate its records on adoption cases with its other records in the Central Record File since an adoption ends a court's continuing jurisdiction over a child and any subsequent suit is to be handled as if no adoption case or any prior case affecting the parent-child relationship had been filed.  Sections 11.05(b), 11.17(b).  Furthermore, the Department is specifically required to close the records concerning that child and to decline to produce records of any prior proceedings concerning the child except in the unusual situation specified in the Act. Sec. 11.17(b) and (d).  Clearly it is impossible for the Department to comply with the statute in the absence of a correlation or integration of the files.

The method to be used in closing individual files is within the rule-making authority the Department has under Article 695c, § 33(2) in relation to the custody of its records.

Your seventeenth question states:

> The Code does not provide for storage of records.
> May the department arrange for storage of records
> with the Texas Library and Historical Commission?
> If so, are the records subject to the various statutes
> governing storage of records by that body including
> TEX. REV. CIV. STAT. ANN. art. 5441b governing
> disposition of valueless records and TEX. REV. CIV.
> STATE. ANN. art. 5441a governing preservation of
> records?

We believe that there is ample authority for the Department to arrange for storage of its records by the Texas Library and Historical Commission. The Interagency Cooperation Act, Article 4413 (32), V.T.C.S. See also, The Preservation of Essential Records Act, Article 5441d, V.T.C.S. Whether a statute would apply to records of the Department maintained by the Library and Historical Commission would depend on the wording of the particular statute. Article 5441a, which is one of the two statutes you mention, applies to all public records of the State. Article 5441b, the other statute about which you inquire, applies only to records consigned by law to the custody of the State Librarian.

Your eighteenth question states:

Chapter 11, Section 11.17 (e) provides that:

(e) The department may utilize microfilm or other suitable means for maintaining the central record file. A certified reproduction of a document maintained by the department is admissible in evidence as the original document.

Since the Code is silent as to the period of time the department is required to keep the records received within the scope of this law, may the department establish the length of time the original records and/or the microfilm are to be retained? In the absence of rule and regulatory authority, is the department required to retain the records and/or microfilm indefinitely? Is the department authorized to have the decrees microfilmed immediately upon receipt and destroy the official record immediately, or is there any law which requires the department to retain the original record for any period of time, either before or after it is microfilmed? After it is microfilmed and the original record destroyed, then is the department required to retain the microfilm indefinitely? If not indefinitely, then under what authority may the department ever destroy the record and microfilm?

We believe the Department has ample rule making authority, as discussed in response to your fifteenth and sixteenth questions, to establish procedures for copying and maintaining its records and files. Of course, any destruction of records, whether original or microfilm, must comply with the requirements of Article 5441a.

Your nineteenth question states:

> In adoption cases, it is the department's interpretation of the Code that all of the original instruments filed in the court will be transmitted to the State Department of Public Welfare for filing, leaving no official records in the local district courts as previously provided by law.
>
> The requirement that they be sealed upon receipt implies that the adoption records are never to be destroyed. In view of this, is the department authorized under the Code to destroy the original court papers after they have been microfilmed on the adoption cases? If these official original records are to be destroyed, then is there any general law which prescribes the length of time that the department must retain the official adoption records it receives from the courts? Is there any prescribed period of time that the department is required to retain the official records before thay can be destroyed? Is there any length of time prescribed for retaining the microfilm of such records? Must the department retain either the original record or the microfilm for an indefinite period of time?
>
> The department has no system for microfiliming records, but may contract for this purpose. In view of the requirement that the records in adoptions must be sealed upon receipt, would it be a breach of the requirement of confidentiality for the department to have them microfilmed by an outside contractor? May the department

request the State Director and Librarian to provide
microfilming?

A file on an adoption is a district court record, and it is contemplated
that it will be permanently preserved.  Article 1899a, § 2(5).  Before copies
are made and originals are destroyed the Department must comply with the
provisions of Article 5441b which require, <u>inter alia</u>, the permission of the
State Librarian and the Director of the Records Management Division.  The
Preservation of Essential Records Act also may be applicable.  Further-
more, in copying adoption records and retaining duplicates rather than
originals the Department should be guided by the requirements established
for district clerks for preserving this type of record.  Those guidelines
are found at Article 1899a, V. T. C. S.

Although in the absence of a specific proposal we cannot say that
the Department is precluded from contracting with an outside contractor
for the microfilming of its records, we believe confidentiality could be
best maintained by a proper contract with the Library and Historical
Commission.  For example, confidential records are recognized and
protected under Section 7 of the Preservation of Essential Records Act.

Your twentieth question states:

> Chapter 11, Section 11.05 relates to the continuing
> jurisdiction of a suit affecting the parent-child relation-
> ship and Section 11.06 provides for the transfer of
> proceedings.  Apparently no provision is made for
> notifying the Department of Public Welfare of the
> change.  Without proper notice, any information
> subsequent to a change given by the department
> would be erroneous.  We were unable to find a
> section requiring that the department be notified
> of placing responsibility on anyone for so notifying
> the department in case of change or even dismissal
> of a suit.

In the absence of a provision in the law requiring it,

who is responsible for seeing that the correct
information is transmitted to the department -
the department or the court?

We do  not believe the situation you describe involves a problem
that was outside the contemplation of the statute's drafters.  Whenever a
suit is pending the Department's information will be out of date whether
a transfer is involved or not.  We can find no statutory requirement that the
Department be notified of a transfer of a suit prior to entry of a decree,
and we know of no responsibility on the part of the Department to acquire
such information.  An order dismissing a suit, however, will be reflected
in a decree which must be reported to the Department.

Your twenty-first question states:

Section 3 of the Code repeals certain specific articles
of the current statutes.  Article 4639b, TEX. REV.
CIV. STAT. ANN., which provides in essence for
the determination of custody and support of children
in cases of separation without the necessity of filing
a petition for divorce, was not repealed.

Will this article continue to be in effect after the Code
becomes effective January 1, 1974?  If your answer is
affirmative, then is the department supposed to receive
a copy of the decree or order from the clerk together
with other identifying information so that it may be
placed in the Central Record File?  Is it subject to all
other provisions relating to the Central Record File?

As Article 4639b was neither expressly nor impliedly repealed by
the enactment of the Family Code, it remains in force.  However, the
relief sought in an action under that statute is generally outlined in
chapter 14 of the Family Code.  In fact, where the parents of a child are
separated the Court is directed to appoint a managing conservator for the
child under Section 14.01(a).  Since the relief sought under an Article 4639b

suit is controlled by Chapter 14, we believe it is a suit affecting the parent-child relationship and subject to report.

Your twenty-second question involves the permission given the Department in Section 11.17(c) to charge a reasonable fee to cover the cost of the service it provides through the Central Record File.  The question states:

> The State Department of Public Welfare received no state appropriation for the specific purpose of establishing and maintaining a Central Record File.  A "reasonable fee" for furnishing the court or the attorney the information about the continuing jurisdiction of the suit affecting the parent-child relationship would be wholly inadequate to establish and maintain such a file.  Furthermore, the department is reluctant to charge the court a fee for such a service, since the department is dependent upon the courts for many services which they furnish without charge.
>
> May the department furnish the information without charge in all cases?  If deemed feasible by the department, could it charge in some instances and not in others?  If a fee is charged, could it be deposited to the credit of the Central Record File for its maintenance and operation and used for that purpose, or must it be deposited into the General Revenue Fund?

Your question concerning the deposit and use of funds generated by charges to users of the File were answered by Attorney General Opinion H-211 (1974).  The statute provides that the Department "may charge a reasonable fee," and we believe this language permits the Department to decline to charge any fee.  Furthermore, we believe the Department could charge a fee in some cases but not in others so long as the distinction was not arbitrary and capricious.  For example, distinction between charges

to attorneys and to courts probably would be reasonable.

Your final question was presented in a supplemental request and concerns disposition hearings for juveniles under Section 54.04 of the Family Code. You ask if a suit involving an order of the Juvenile Court committing a child in need of rehabilitation to the custody of a relative or other fit person is a case affecting the parent-child relationship and as such is subject to report to the Department and to the continuing jurisdiction concept of Section 11.05. As indicated in response to your third question a suit affecting the parent-child relationship is, _inter alia_, one brought under Subtitle A of Title 2 of the Family Code. As Section 54.04 is in Title 3 it does not fit the statutory definition, and your question must be answered in the negative.

## SUMMARY

(1) The Department may make rules and regulations to aid it in the administration of its responsibilities under Title 2 of the Family Code.

(2) A suit affecting the parent-child relation can only be one brought under Subtitle A of Title 2 of the Family Code.

(3) Adoptions of hard-to-place children are handled on the same basis as other adoptions for Central Record File purposes.

(4) The Open Records Act does not give an agency the right to withhold information from a legislator, but his right to access may be affected by other statutes.

(5) The Department is required to furnish certain Central Record File information to attorneys as well as to courts.

(6) The Department may contract with the Texas Library and Historical Commission for the storage and preservation of the file.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee